NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241584-U

NO. 4-24-1584

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 14, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* K.O., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Winnebago County |
| Petitioner-Appellee, | ) | No. 23JA133 |
| v. | ) | |
| Tiana O., | ) | Honorable |
| Respondent-Appellant). | ) | Erin B. Buhl, |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Justices Steigmann and Lannerd concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court affirmed, concluding respondent's due process rights were not violated and the trial court's findings were not against the manifest weight of the evidence.

¶ 2     On November 14, 2024, the trial court entered an order terminating the parental rights of respondent, Tiana O., as to her minor child, K.O. (born December 2022). Respondent appeals, arguing she was denied due process when the court allowed the State to present evidence that contained multiple levels of inadmissible hearsay and the court's unfitness findings were against the manifest weight of the evidence. The State contends respondent's claims are either forfeited or not error. We agree with the State and affirm.

¶ 3                              I. BACKGROUND

¶ 4                              A. Case Opening

¶ 5     On April 5, 2023, the State filed a petition for adjudication of wardship. The petition

alleged, among other things, K.O. was in an environment injurious to his welfare in that K.O. was found to have a humerus fracture and healing rib fractures caused by other than accidental means. 705 ILCS 405/2-3(1)(b) (West 2022). The petition further alleged K.O. was in an environment injurious to his welfare in that he was found to be in a car seat "with the car seat completely covered by the infant seat cover making it difficult for the minor to breathe." 705 ILCS 405/2-3(1)(b) (West 2022). That same day, the trial court entered an order placing the minor's temporary custody and guardianship with the Illinois Department of Children and Family Services (DCFS).

¶ 6    On June 28, 2023, the trial court held a combined adjudicatory and dispositional hearing. Pursuant to respondent's stipulation, the court adjudicated K.O. neglected pursuant to section 2-3(1)(b) of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/2-3(1)(b) (West 2022)). The court then entered a dispositional order, making K.O. a ward of the court and placing his custody and guardianship with DCFS.

¶ 7    On September 16, 2024, the trial court changed the permanency goal to substitute care pending termination of respondent's parental rights.

¶ 8    On September 18, 2024, the State filed a motion to terminate respondent's parental rights. The motion alleged respondent was an unfit parent in that she (1) failed to maintain a reasonable degree of interest, concern or responsibility for the minor's welfare (750 ILCS 50/1(D)(b) (West 2022)) (count I), (2) failed to protect the minor from conditions in the environment injurious to the minor's welfare (750 ILCS 50/1(D)(g) (West 2022)) (count II), (3) failed to make reasonable efforts to correct the conditions that caused the minor to be removed during a nine-month period after the minor was adjudicated neglected (750 ILCS 50/1(D)(m)(ii) (West 2022)) (count III), and (4) failed to make reasonable progress toward the return of the minor to her care during a nine-month period after the minor was adjudicated neglected (750 ILCS

50/1(D)(m)(ii) (West 2022)) (count IV). The relevant nine-month time period alleged was December 16, 2023, to September 16, 2024.

¶ 9        On October 16, 2024, the State filed an amended motion to terminate parental rights. The amended petition did not include count III, but it realleged counts I, II, and IV. The State also included Ezekiel A., the minor's father, in the petition to terminate parental rights. (We note Ezekiel is not a party to this appeal.)

¶ 10                          B. Fitness Hearing

¶ 11        The trial court commenced the fitness hearing on November 14, 2024. Respondent did not appear. The State requested the court take judicial notice of various documents, including the neglect petition, the temporary custody order, the adjudication order, the dispositional order, the motion to terminate parental rights, and the amended motion to terminate parental rights. The court took judicial notice of those filings without objection. The parties then stipulated to the foundation of the following exhibits: (1) the integrated assessment, (2) the May 17, 2023, family service plan, (3) the October 1, 2023, family service plan, (4) the March 27, 2024, family service plan, (5) the DCFS indicated findings packet, and (6) certified medical records.

¶ 12        Jamila Green testified that she had been K.O.'s caseworker since September 2023. Green explained that respondent's contact with the agency had been inconsistent. According to Green, respondent was required to engage in parenting classes, a substance abuse assessment, a mental health assessment, individual counseling, and drug drops. Respondent completed a mental health assessment and was recommended for individual counseling. She was unsuccessfully discharged from counseling in January 2024. Respondent did, however, reengage in counseling that same month. Green indicated respondent had not been attending counseling consistently. Green further stated the agency had some concerns about respondent's "lack of bonding with

[K.O.]" Specifically, during visits, K.O. would "play by himself" and respondent did not "pay much attention to him." Green opined respondent "just didn't seem interested in bonding with [K.O.] at all." Respondent often missed drug drops and had been inconsistent in exercising visitation. The agency had concerns about respondent's relationship with Ezekiel. Green recalled a time when she went to visit respondent and she "thought it was [Ezekiel] that was there." Respondent denied Ezekiel was present; however, Green later "compared pictures" and identified Ezekiel as the man who was present at respondent's house. According to Green, respondent's lack of honesty and her struggle "with taking responsibility for what [Ezekiel] did to [K.O.]" concerned the agency.

¶ 13    On cross-examination, Green admitted that while respondent did complete parenting classes, she appeared to be simply completing the classes and not learning from them. Green further agreed a "consistent theme from the beginning of this case" was respondent's inability to take responsibility for why K.O. came into care. Respondent's counsel did not present evidence or testimony.

¶ 14    After the parties' arguments, the trial court found the State had proven respondent was unfit as alleged in all three counts in the amended motion to terminate.

¶ 15                    C. Best-Interests Hearing

¶ 16    The trial court proceeded immediately to the best-interests hearing. Without objection, the court took judicial notice of the evidence and testimony presented at the fitness hearing, as well as two reports authored by Green.

¶ 17    Green testified K.O. had been in the care of his maternal aunt since the case opened. Green noted the foster placement was "the only home he's really known" and K.O. referred to his maternal aunt as " 'Mom.' " K.O. and his maternal aunt were well bonded. Green further noted the

maternal aunt was willing to provide permanency through adoption.

¶ 18        Following arguments, the trial court found the termination of respondent's parental rights was in K.O.'s best interests.

¶ 19        This appeal followed.

¶ 20                              II. ANALYSIS

¶ 21        On appeal, respondent argues (1) she was denied due process because the trial court relied "exclusively on multi-level hearsay" and (2) the court's unfitness finding was against the manifest weight of the evidence. Respondent does not challenge the best interests finding on appeal.

¶ 22                          A. Multilevel Hearsay

¶ 23        Respondent first argues her due process rights were violated because the trial court relied "exclusively on multi-level hearsay" to find her unfit. Respondent acknowledges she did not object to the admission of the alleged multilevel hearsay evidence, nor did she raise the issue of due process "regarding the *use* of that evidence alone to prove unfitness" (emphasis in original). She maintains, however, the issue is reviewable under the plain-error doctrine. The State argues respondent's claims are either forfeited or not error.

¶ 24        In criminal cases, forfeited claims may be reviewed under the plain-error doctrine "where a clear and obvious error occurred" and (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or (2) the "error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Belknap*, 2014 IL 117094, ¶ 48. The plain-error doctrine can be applied in abuse and neglect cases. *In re Andrea D.*, 342 Ill. App. 3d 233, 242 (2003). "The first step of plain-error review is to

determine whether error occurred," and "[t]he burden of persuasion rests with the defendant." *People v. Curry*, 2013 IL App (4th) 120724, ¶ 62.

¶ 25 Plain-error review applies to cases involving forfeiture, but it does not apply to affirmative acquiescence. *People v. McGuire*, 2017 IL App (4th) 150695, ¶ 29. A party will not be allowed to complain of error when that party induced or consented to the alleged error. *In re Detention of Swope*, 213 Ill. 2d 210, 217 (2004). Thus, when a respondent's counsel affirmatively acquiesces to the trial court's actions, counsel waives any potential claim of plain error on appeal. *McGuire*, 2017 IL App (4th) 150695, ¶ 29.

¶ 26 Here, the trial court asked respondent's attorney directly if there were any objections to the admission of the integrated assessment, service plans, and medical records contained in People's exhibit Nos. 1 through 6. Counsel responded, "No, Your Honor." The court then stated, "I will show that Exhibits One through Six will be admitted, without objection." Although respondent's counsel was directly asked if he objected, he acquiesced to the admission of the exhibits without any objection. Counsel's response to the court's inquiry was an affirmative acquiescence to the admission of the exhibits. See *People v. Cox*, 2017 IL App (1st) 151536, ¶ 76 (concluding defense counsel acquiesced to the admission of a certificate by affirmatively responding to the trial court's questions that the defendant had no objection to its admission). Because of the absence of an objection, the hearsay was properly before the court, and the law has long been that hearsay admitted without objection can be given its natural probative effect by the trier of fact—in this case, the experienced trial court. *In re M.D.*, 2022 IL App (4th) 210288, ¶ 102. Accordingly, respondent has waived any contention of error in the admission of the exhibits, and her claim is not reviewable under the plain-error doctrine.

¶ 27 We also note that service plans and hospital records are admissible under section

2-18(4)(a) of the Juvenile Court Act (705 ILCS 405/2-18(4)(a) (West 2022)), which is a variation of the business record exception to the hearsay rule. *In re Aniylah B.*, 2016 IL App (1st) 153662, ¶ 30. However, respondent references *In re J.J.*, 2022 IL App (4th) 220131-U, ¶ 34, and *In re Z.J.*, 2020 IL App (2d) 190824, ¶ 66, and argues they were erroneously decided in that "they were based on erroneous interpretations of the statute, and if that interpretation is accurate, then section 2-18(4)(b) [of the Juvenile Court Act (705 ILCS 405/2-18(4)(b) (West 2022))] violates due process."

¶ 28        In those cases, the appellate court found section 2-18(4)(a) of the Juvenile Court Act allows the admission of multilevel hearsay in service plans properly admitted as business records. It appears respondent is arguing this court should disagree with those decisions and find multilevel hearsay contained within service plans is inadmissible. However, as respondent concedes, she acquiesced to the admission of the service plans and, consequently, the multilevel hearsay contained within those plans, at the termination hearing. Accordingly, we decline her invitation to depart from the clear dictates of the statutory language.

¶ 29                          B. Fitness Finding

¶ 30        Respondent further argues the trial court's unfitness finding was against the manifest weight of the evidence. We disagree.

¶ 31        Under the Juvenile Court Act, there is a two-stage process for the involuntary termination of parental rights. 705 ILCS 405/2-29(2) (West 2022). The first stage, commonly referred to as a fitness hearing, "focus[es] *** on the parent's conduct relative to the ground or grounds of unfitness alleged by the State." *In re D.T.*, 212 Ill. 2d 347, 364 (2004). The burden is on the State to "demonstrate by clear and convincing evidence that the parent is 'unfit' under one or more of the grounds set forth in section 1(D) of the Adoption Act (750 ILCS 50/1(D) (West 2004))." *In re Veronica J.*, 371 Ill. App. 3d 822, 828 (2007). On review, this court affords great

deference to the trial court's finding of parental unfitness and will not disturb that finding unless it is against the manifest weight of the evidence. *In re H.D.*, 343 Ill. App. 3d 483, 493 (2003). "A decision is against the manifest weight of the evidence when the opposite conclusion is clearly apparent." *In re Ta. T.*, 2021 IL App (4th) 200658, ¶ 48.

¶ 32        In this case, the trial court found respondent was an unfit parent because she failed to make reasonable progress toward the return of K.O. to her care during the relevant nine-month period. "Reasonable progress exists when the trial court can conclude that, *in the near future*, it will be able to order the child[ ] retuned to parental custody." (Emphasis added.) *In re Dar. H.*, 2023 IL App (4th) 230509, ¶ 53. While respondent did complete parenting classes, there was concern that she was simply completing the classes and not learning from them. Additionally, respondent failed to complete required drug drops. Respondent was discharged from individual counseling in January 2024 due to nonattendance but later reengaged that same month. Green testified she had been unable to perform a home safety check on respondent's home due to respondent's last minute cancellation. The agency expressed concerns about respondent's "lack of bonding" with K.O. and respondent's dishonesty and inability to take responsibility for the reasons K.O. came into foster care. Additionally, respondent had been inconsistent in exercising visitation, and Green observed respondent "just didn't seem interested in bonding with [K.O.] at all" when she did exercise visitation. Indeed, Green testified, at the time of the hearing, the agency was not at a point where it would recommend respondent have unsupervised visits. The foregoing does not demonstrate reasonable progress such that the opposite conclusion is clearly evident. Accordingly, the court's finding respondent was an unfit parent for failing to make reasonable progress toward the return of K.O. during the relevant nine-month period was not against the manifest weight of the evidence.

¶ 33       Because the State proved one ground of unfitness by clear and convincing evidence, we need not address the remaining grounds for unfitness on appeal. See *H.D.*, 343 Ill. App. 3d at 493 ("As the grounds for unfitness are independent, the trial court's judgment may be affirmed if the evidence supports the finding of unfitness on any one of the alleged statutory grounds.").

¶ 34                                III. CONCLUSION

¶ 35       For the reasons stated, we affirm the trial court's judgment.

¶ 36       Affirmed.